## WALKER v. BAERMANN.

(Supreme Court, Appellate Division, Second Department. January 30, 1900.)

APPEAL—QUESTIONS OF FACT.

    An appellate court cannot interfere with a judgment founded on conflicting evidence.

Appeal from municipal court, borough of Brooklyn, Fifth district.

Action by Mrs. Frank Walker against Jacob B. Baermann for damages for breach of contract. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Henry A. Rubino, for appellant.

Charles L. Greenhall, for respondent.

GOODRICH, P. J. This appeal is peculiar, in that the justice's return did not contain any of the testimony, the stenographer's minutes having been lost or destroyed. For this reason we permitted the parties to submit affidavits as to the evidence offered at the trial, in pursuance of section 3056 of the Code of Civil Procedure. These affidavits have been furnished, and, while they are by no means as satisfactory as the stenographer's minutes would have been, they are sufficient to enable us to determine that there was a conflict of evidence. The plaintiff alleged that the defendant, on July 1, 1899, engaged from her rooms and board for three persons at her home in Bath Beach for the entire summer—a period of 10 weeks—at the rate of $28 per week; that on July 21st the defendant removed from the rooms, and refused to pay the plaintiff the price agreed; that during the defendant's occupation "a favorite cat of Miss Baermann's, against Mrs. Walker's protest several times, deliberately destroyed for further use" several articles of furniture, "and that, owing to the fearful stenches and orders [presumably, "odors"] from said cat," the plaintiff was prevented from obtaining other boarders during the summer, to her damage $134. The affidavit of the plaintiff states that the complaint was amended at the trial by striking out the damages inflicted by the deliberate and disagreeable acts of the cat, so that the action became one merely for damages resulting from the breach of contract. In respect to this breach, the plaintiff's affidavit is to the effect that she testified positively that the defendant engaged the board and rooms for the entire summer, and paid $20 in advance; that he occupied the rooms for three weeks, and paid the balance due for such occupation, and then moved away; and that the rooms, without board, were worth $10 per week. The defendant's affidavit states that he and his sister testified that he made no contract for the 10 weeks, or any definite length of time. Here was a clear conflict of evidence as to the terms of the contract, and this was the main fact of the controversy. Under the familiar rule, we cannot interfere with the judgment. The judgment should be affirmed.

Judgment of the municipal court affirmed, with costs. All concur.